UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DELACEY ANDRADE, KENDRICK JOHNSON, KEISHON JOHNSON, and MONTREL JOHNSON,<br>Defendants. | C.A. No. 18-145-JJM-LDA |

## ORDER

Defendants Kendrick Johnson and Delacey Andrade move to dismiss counts 9, 10, and 11 of the Superseding Indictment[1] claiming that prosecution of those counts in federal court violate their rights against double jeopardy as guaranteed by the Fifth Amendment to the United States Constitution. ECF Nos. 95, 98. The government objects, claiming that the dual-sovereignty doctrine and the test set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932) applies. ECF No. 145.

I.    FACTS

The state and federal charges at issue in these motions arise from gun fire that took place in Providence between two cars on the evening of June 19, 2017. In state court, Mr. Johnson pleaded guilty to a state charge of conspiracy to commit assault with a dangerous weapon. Mr. Andrade pleaded guilty to three state law counts:

---

[1] Originally Defendants moved to dismiss Counts 10 and 11 of the original Indictment, but the parties agree that the motions now apply to counts 9, 10, and 11 of the Superseding Indictment.

carrying a firearm without a license, purchasing, owning, carrying, transporting, or having in his possession or under his control a firearm having been previously convicted of a crime of violence; and discharging a firearm within the compact part of the City of Providence.

As for federal charges, both men are charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) – Mr. Johnson in count 9 of the Superseding Indictment (ECF No. 135 at 16) and Mr. Andrade in count 10. *Id.* at 17. Count 11 charges both men with using a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii). Defendants point out that the Assistant Attorney General in the state court cases was cross designated as a Special Assistant United States Attorney in federal court, and he was involved in both cases.

## II.   ANALYSIS

### A. *Dual-Sovereign Doctrine*

For purposes of double jeopardy, a crime under Rhode Island law is not the same offense as a crime under federal law. The Supreme Court recently reiterated and affirmed this dual-sovereign doctrine stating

> We have long held that a crime under one sovereign's laws is not "the same offence" as a crime under the laws of another sovereign. Under this "dual-sovereignty" doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen...

*Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). "The dual-sovereignty doctrine is founded on the common-law conception of crime as an offence against the

2

sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" *Heath v. Alabama*, 474 U.S. 82, 88 (1985) (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)). And the state Assistant Attorney General's cross designation as a federal prosecutor does not negate the applicability of the doctrine because it is "nothing more than the rendering of routine intergovernmental assistance." *United States v. Guzman*, 85 F.3d 823, 828 (1st Cir. 1996).

### B. Blockburger Test

Even if the dual-sovereignty doctrine did not apply here, Defendants have failed to satisfy the *Blockburger* test for proving a double jeopardy violation. *Blockburger* instructs that there is no double jeopardy violation if there is an element in one charge not contained in the other. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offences or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304 (citing *Gavieres v. United States*, 220 U. S. 338, 342 (1911)).

Mr. Johnson's conviction in state court was for conspiracy to commit assault with a dangerous weapon while his federal charge of felon in possession (Count 9) has different elements, including Mr. Johnson's prior conviction, possession of the firearm, and an effect on interstate commerce. His state charge of conspiracy (Count 11) has different elements than the federal § 924(c) charge of using a firearm in relation to a crime of violence, including the use or carrying of a firearm during a

3

crime of violence or drug trafficking. Mr. Andrade's state firearm charges have many elements not present in the federal charge (Count 10); including carrying the firearm without a state license, his prior conviction must have been a crime of violence, he fired the gun, and it must have been in a compact area. Because each of the state and federal offenses "contains an element not contained in the other" there is no double jeopardy violation. *United States v. Dixon*, 509 U.S. 688, 696 (1993).

### III. CONCLUSION

Neither Mr. Andrade's nor Mr. Johnson's rights under the Fifth Amendment to be free from double jeopardy have been violated in the prosecutions in state and federal court arising from the same set of facts. The Court DENIES their Motions to Dismiss. ECF Nos. 95 and 98.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 11, 2022